RECEIVED
AUG 17 2015
U.S. DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
DEPUTY CLERK

A COMPLAINT UNDER THE CIVIL RIGHTS ACT,
42 U.S.C §1983

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

Derek Mitchell Hale                #499675
Gary Nelson, Jr.                Inmate (DOC) number

(Enter above the full name of each plaintiff in this action.)

VERSUS

James Leblanc; Darrell Vannoy; Tyrone Kilbourne; Jamie Duvall; Micheal Spangler

(Enter above the full name of each defendant in this action.)

Instructions for Filing Complaint by Prisoners
Under the Civil Rights Act, 42 U.S.C. §1983.

This packet includes two copies of a complaint form and one copy of the pauper affidavit.

IF YOU ARE A PARISH PRISONER, you must file an original and one copy of your complaint for each defendant you name. For example, if you name two defendants, you must file the original and two copies of the complaint. You should also keep an additional copy of the complaint for your own records.

IF YOU ARE A D.O.C. PRISONER, you must file an original and one copy of your complaint. If the defendants are still employed by the Department of Public Safety and Corrections, only one service copy is needed. Otherwise, you must supply a copy of the complaint and the service address for each defendant no longer employed by the Department of Public Safety and Corrections.

All copies of the complaint must be identical to the original.

The names of all parties must be listed in the caption and in part III of the complaint exactly

the same.

In order for this complaint to be filed, it must be accompanied by the filing fee of $ 150.00. In addition, the United States Marshal will require you to pay the cost of serving the complaint on each of the defendants.

If you are unable to pre-pay the filing fee and service costs, you may petition the court to proceed in forma pauperis. For this purpose, a pauper affidavit is included in this packet. You must sign the affidavit, and obtain the signature of an authorized officer certifying the amount of money in your inmate account. If pauper status is granted, you will be required to pay an initial partial filing fee and thereafter, prison officials shall be ordered to forward monthly payments from your inmate account until the entire filing fee is paid.

You will note that you are required to give facts. THIS COMPLAINT SHOULD NOT CONTAIN LEGAL ARGUMENTS OR CITATIONS. ALSO, DO NOT INCLUDE EXHIBITS.

When you have completed these forms, mail the original and copies to the Clerk of the United States District Court for the Middle District of Louisiana, 777 Florida Street, Suite 139, Baton Rouge, La. 70801-1712.

I. Previous Lawsuits

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment? Yes ( ) No (X)

B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1. Parties to this previous lawsuit

Plaintiff(s): N/A

Defendant(s): N/A

2. Court (if federal court, name the district; if state court, name the parish): N/A

3. Docket number: N/A

4. Name of judge to whom case was assigned: N/A

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?): N/A

6. Date of filing lawsuit: N/A
7. Date of disposition: N/A

C. Have you had any previously filed federal lawsuits or appeals, whether or not related to the issues raised in this complaint, dismissed by any federal court as frivolous, malicious, or for failure to state a claim for which relief can be granted?
Yes ( ) No (X)

If your answer is yes, list the civil action numbers and the disposition of each case. You must identify in which federal district or appellate court the action was brought.
N/A

II. Place of present confinement: Louisiana State Penitentiary

A. Is there a prisoner grievance procedure in this institution?
Yes (X) No ( )

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?
Yes (X) No ( )

C. If your answer is Yes:

1. Identify the administrative grievance procedure number(s) in which the claims raised in this complaint were addressed. DCI-2015-23

2. What steps did you take? I appealed the disciplinary board decision to warden, as well as forwarded my complaint to the Secretary of the Louisiana Department of Public Safety and Corrections.

3. What was the result? All relief requested was denied by warden & Secretary of the D.P.S.&C.

D. If your answer is No, explain why not: N/A

**BOBBY JINDAL**
Governor

**JAMES M. Le BLANC**
Secretary

# State of Louisiana
## Department of Public Safety and Corrections

**DISCIPLINARY BOARD APPEAL**

| | |
|---|---|
| **Appeal Number:** | DCI-2015-23 |
| **Inmate's Name:** | DEREK HALE #499675 |
| **Inmate's Counsel:** | PATTERSON |
| **Board Chairman:** | KILBOURNE |
| **Rule Violation:** | 12/29/2014 |
| **Disciplinary Board Action:** | 12/31/2014 |
| **Appeal Decided:** | APR 09 2015 |
| **Decision of the Secretary:** | 01-DENIED **Inst:** DCI |

The offender was convicted to violating Rule #30C (General Prohibited Behavior). The Board sentenced him to Custody Change Medium to Maximum (H-EXT), 30 Days Room Confinement.

The offender states on appeal that he is a victim of double jeopardy which is against his rights. He states that the disciplinary board denied him his due process. The offender states that he is being tried twice for the same incident. The offender also feels that he received a cruel and unusual punishment.

We have considered the appellant's argument and the decision rendered by the Warden. Upon review, we find the disciplinary report to be clear, concise, and to provide convincing evidence of the violation as charged. The offender has not provided evidence to substantiate his claims on appeal. The officer's written statement regarding the incident that occurred along with statements from 2 Confidential Informants provides sufficient evidence in the finding of guilt. The information provided by the Confidential Informants was properly documented. The Confidential Informants have proven to be reliable in the past The information was provided by one Confidential Informant and corroborated with another Confidential Informant and the reporting officer's statement. The appellant's claim on appeal regarding him being denied due process and receiving cruel and unusual punishment has no merit. The appellant received due process as well as received a suitable sanction for a Schedule B offense. Based on the Seriousness of the offense, the sanctions imposed were appropriate. For the forgoing reasons, we agree with the decision of the Disciplinary Board and the Warden.

Appeal is Denied.

James M. LeBlanc, Secretary
Public Safety and Corrections

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
CORRECTIONS SERVICES
OFFENDERS RELIEF REQUEST FORM

CASE NUMBER: DCI-2015 -166

TO: DEREK HALE 499675 — Offender's Name and Number

CB C — Living Quarters

1/28/2015
Date of Incident

ACCEPTED: This request comes to you from the Wardens Office. A response will be issued within 40 days of this date.

X REJECTED: Your request has been rejected for the following reason(s):
REJECTED - APPEAL DECISION

03/09/2015
Date

CHERRYL WASHINGTON
Warden's Signature or Designee

III. Parties

(In Item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

A. Name of plaintiff(s) Derek Hale ; Gary Nelson, Jr

Address L.S.P General Delivery Angola, La 70712 ; 1750 Piping Rock Dr. Apt #4 Memphis, TN 38116

In Item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use Item C for the names, positions, and places of employment of any additional defendants.

B. Defendant James Leblanc is employed as Secretary of the D.P.S.&C at P.O. Box 94304 Baton Rouge, La 70804

C. Additional Defendants: Darell Vannoy, warden of D.C.I; Tyrone Kilbourne, Lt. Colonel of D.C.I; Jamie Duvall, Mental Health Director of D.C.I; Michael Spangler, Major of D.C.I

IV. Statement of Claim

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. **Do not given any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

On the 19th of December 2014, plaintiffs Derek M Hale & Gary Nelson, Jr. were standing outside on the yard of unit one behind dorm H while being housed at Dixon Correctional Institute. An officer approached plaintiffs from behind & summons Mr. Hale to be pat frisked. Mr. Hale obliged, the officer alleged during the pat frisked he observed an object in the plaintiff boot & the plaintiff took of running while plaintiff Mr. Nelson drew an interference for Mr. Hale to get away from said officer. Plaintiffs were apprehended & placed on administrative segregation for a rule violation #3

in which is a defiance. Defendant Major Micheal Spangler was the shift supervisor whom was notified about the incident & he was present during the initial investigation. On the 22nd of December 2014, the plaintiffs were seen by a disciplinary (see: Attached sheet...

V. Relief

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes. Attach no exhibits. (1.) Judgement entered that defendants violated plaintiffs constitutional right by being punished twice for one offense, as well as due process & equal protection violated. (2.) Monetary relief for everyday of wrongful confinement; Punitive relief for mental anguish, slander & cruel & unusual punishment.

VI. Plaintiff's Declaration

1. I understand that I am prohibited from bringing a civil action in forma pauperis if, while I was incarcerated or detained in any facility, I have brought three or more civil actions or appeals in a court of the United States that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am in imminent danger of serious physical injury.

2. I understand that even if I am allowed to proceed in forma pauperis, I am responsible for paying the entire filing fee and any costs assessed by the Court, which, after payment of the partial initial filing fee, shall be deducted from my inmate account by my custodian in installment payments as prescribed by law.

3. I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice.

Signed this 4th day of August, 2015.

Derek Hall

Henry Wilson Jr.

Signature of plaintiff(s)

IV. Statement of Claim

Cont. board in which after accepting plea agreements both plaintiffs were allowed to return to general population after recieving disciplinary sanctions for said offense. The penalties were a forfiefure of good time & (30) days room confinement. On the 29th of December 2014 Major Michael Spangler had both plaintiffs apprehended & placed on administrative segregation for a rule # 30-C in which is a general prohibited behavior for offenders whom are "threatening, planning, conspiring or attempting to commit a violation of the rules set forward by the Department of Public Safety & Corrections. The new disciplinary reports were for the same offense that took place on the 19th of December 2014, in addition they used (2) confidential informants whom alleged ten days after the initial incident that they observed the incident take place & Mr. Hale was in possession of a knife & a ball of mojo (synthetic marijuana), in which a knife or ball of mojo was never found or discovered. Confidential informants also told investigator Major Michael Spangler that Mr. Hale was involved in a homosexual relationship with Mr. Nelson. On the 30th of December 2014 both plaintiffs appeared before a disciplinary board where Defendants Tyrone Kilbourne & Jamie Duvall were the chairman. The plaintiffs requested to have disciplinary reports dismissed on the grounds of double jeopardy in which violates the fifth amendment of the U.S. Constitution. Motions to dismiss were denied & the plaintiffs recieved additional disciplinary sanctions. The penalties were a custody change from medium to maximum (H.EXT) & (30) days room confinement. Both plaintiffs appealed the decision to the institution head warden, defendant Darell Vannoy & were denied. The secretary of the DPS&C, defendant James LeBlanc also denied the grievance. All defendants violated the plaintiffs fifth amendment; violated plaintiffs eighth amendment & defendants except Michael Spangler violated the 14th amendment. And Confidential informants slandered Mr. Hale name.