# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**DEREK MITCHELL HALE (#499675)**     **CIVIL ACTION**

**VERSUS**

**JAMES M. LEBLANC, ET AL.**     **NO. 15-547-BAJ-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 21, 2016.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DEREK MITCHELL HALE (#499675)**                                   **CIVIL ACTION**

**VERSUS**

**JAMES LEBLANC, ET AL.**                                                 **NO. 15-547-BAJ-RLB**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate currently confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Secretary James M. LeBlanc, Warden Darell Vannoy, Lt. Col. Tyrone Kilbourne, Mental Health Director Jamie Duvall, and Major Michael Spangler, complaining that his constitutional rights were violated while housed at Dixon Correctional Institute ("DCI") when he was subjected to double jeopardy, cruel and unusual punishment, and slander/defemation. He prays for compensatory and punitive damages.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995).

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if

the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez*, *supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made any time, before or after service or process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1999 (5th Cir. 1986).

The plaintiff alleges the following in his Complaint, as amended: On December 19, 2014, while housed at DCI, the plaintiff and co-inmate Gary Nelson, Jr., were standing in the yard when they were approached by Officer Kimmery for a pat down. Officer Kimmery alleged that he observed an object in the plaintiff's boot during the pat down, and the plaintiff took off running while Nelson stepped in between Officer Kimmery and the plaintiff so that the plaintiff could get away. The plaintiff and Nelson were later apprehended and placed in administrative segregation for a violation of Rule 3.

On December 22, 2014, the plaintiff and Nelson were brought before a disciplinary board. Plea agreements were made, and the plaintiff was returned to the general population with forfeiture of good time and 30 days of room confinement as sanctions. On December 29, 2014, defendant Major Spangler alleged that he was approached by confidential informants who stated

that on the day of the initial incident, December 19, 2014, the plaintiff was in possession of a "bundle and shank" type weapon, and was in a homosexual relationship with co-inmate Nelson.

The plaintiff and Nelson were again apprehended and placed in administrative segregation for a Rule 30-C violation (general prohibited behavior).  The new disciplinary report was for the same December 19, 2014 incident, but added the information provided by the confidential informants.  On December 31, 2014, the plaintiff and Nelson were brought before a disciplinary board.  Defendants Lt. Col. Kilbourne and Mental Health Director Duvall were members of the disciplinary board.  The plaintiff moved to dismiss the disciplinary report on the grounds of double jeopardy.  His motion was denied, and he was found guilty and sentenced to a custody change (medium to maximum), and 30 days room confinement.  Once the plaintiff was placed in solitary confinement he had no access to shower slippers, appropriate winter clothing, or toiletries.  The plaintiff's disciplinary appeals were denied by defendants Warden Vannoy and Secretary LeBlanc.

The plaintiff's allegations fail to state a claim cognizable in this Court.  Addressing first the plaintiff's claim for monetary damages, the plaintiff is not entitled to recover compensatory damages for mental or emotional injury in the absence of an associated physical injury, and the plaintiff has not alleged that he has suffered any physical injury in this case.  *See* 42 U.S.C. § 1997e(e).

Turning to a consideration of the plaintiff's assertion that he was subjected to double jeopardy, the double jeopardy clause applies in context of criminal proceedings; prison disciplinary proceedings are not criminal proceedings.  *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (recognizing that prison disciplinary proceedings are not criminal in nature); *Smith v. Jackson*, 2000 WL 1598124, *1 (5th Cir. 2000) (unpublished per curiam)(noting that the right to

be free from double jeopardy does not apply to prison disciplinary proceedings). Accordingly, the plaintiff's double jeopardy claim is frivolous.

To the extent the plaintiff is complaining of a violation of his due process rights in connection with the disciplinary proceedings, an inmate does not have a constitutional right to have his prison disciplinary or administrative proceedings properly investigated, handled, or favorably resolved. *Mahogany v. Miller,* 252 F.App'x. 593, 595 (5th Cir. 2007), and there is no procedural due process right inherent in such a claim. As stated by the United States Court of Appeal for the Fifth Circuit in *Geiger v. Jowers,* 404 F.3d 371 (5th Cir. 2005) (in the context of the handling of an administrative grievance):

> Insofar as [the plaintiff] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous…[The plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless.

*Id.* at 373-74. This conclusion is equally applicable in the context of prison disciplinary proceedings. *See, e.g., Sanchez v. Grounds,* 2014 WL 1049164, *2 (E.D. Tex. Mar. 14, 2014) (finding that an inmate's claim regarding a failure to conduct a "proper investigation" of a disciplinary charge "did not amount to a constitutional deprivation"); and *Jackson v. Mizell,* 2009 WL 1792774, *7 n.11 (E.D. La. June 23, 2009) (noting that "the Court fails to see how a prisoner could ever state a cognizable claim alleging an inadequate disciplinary investigation").

Further, the failure of prison officials to follow prison rules or regulations does not amount to a violation of the plaintiff's constitutional rights. *Jackson v. Cain*, 864 F.3d 1235, 1252 (5th Cir. 1989). Nor does this Court sit as some form of an appellate court to review errors made by state tribunals that do not affect an inmate's constitutional rights. *See, e.g., Coleman v.*

*Director, TDCJ-CID,* 2009 WL 56947, *2 (E.D. Tex. Jan. 7, 2009) (noting, in the context of an inmate's habeas corpus proceeding arising out of a prison disciplinary proceeding, that "[i]n the course of reviewing state proceedings, a federal court does not sit as a super state appellate court.").

Moreover, in *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court noted that in some rare situations, an inmate may be entitled to procedural Due Process when state action exceeds the sentence in such an unexpected way as to give rise to protection by the Due Process Clause of its own force. Normally, however, the Due Process Clause, itself, does not afford an inmate a protected liberty interest that would entitle him to the procedural protections set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974). It is only those restrictions that impose "atypical and significant hardship[s] ... in relation to the ordinary incidents of prison life" that will invoke the prospect of state-created liberty interests. *Wilkinson v. Austin*, 545 U.S. 209, 222–23 (2005).

Thus, while *Sandin* made it clear that punishments that impact upon the duration of confinement, or which exceed the sentence in an unexpected manner, or that impose "atypical and significant hardship[s] ... in relation to the ordinary incidents of prison life" will give rise to the protection afforded by the Due Process Clause, more routine disciplinary action will not invoke this constitutional protection. *Sandin,* 515 U.S. at 484. In the instant case, the plaintiff was sentenced to a custody status change. This punishment does not amount to disciplinary action that infringes upon a constitutionally protected liberty interest which would invoke the protection of the Due Process Clause of the Fourteenth Amendment. *See Dickerson v. Cain,* 241 F.App'x. 193 (5th Cir. 2007) (holding that the plaintiff failed to show that placement in Camp J at LSP presents "an atypical or significant hardship beyond the ordinary incidents of prison life"). The plaintiff's claim here likewise fails to make such a showing.

To the extent the plaintiff is complaining that his right to equal protection has been violated in connection with the disciplinary proceedings, in order to successfully establish an equal protection claim, the plaintiff must demonstrate that prison officials acted with a discriminatory purpose.  *Woods v. Edwards*, 51 F.3d 577 (5th Cir. 1995).  Discriminatory purpose in an equal protection context implies that the decision maker selected a particular course of action at least in part because of, and not simply in spite of, the adverse impact it would have on an identifiable group.  *Id*.  A violation of the equal protection clause occurs only when the governmental action in question classifies or distinguishes between two or more relevant persons or groups.  *Brennan v. Stewart*, 834 F.2d 1248, 1257 (5th Cir. 1988).

The plaintiff has alleged in a conclusory fashion that he was "singled out for association" after confidential informants told defendant Major Spangler that the plaintiff and co-inmate Nelson were involved in a homosexual relationship.  Other than this conclusory allegation, plaintiff has failed to allege any intentional discrimination against him as a member of any suspect class.  Plaintiff has failed to allege how the disciplinary proceedings against him created any disadvantage for homosexuals.  Rather, as set forth above, plaintiff acknowledges that the subsequent disciplinary proceeding was based on new information received about the incident in question regarding his possession of a weapon and a relationship with the co-inmate that assisted plaintiff in avoiding detection.  The plaintiff has failed to establish or plead that any action against him lacked a rational relationship to legitimate government aims. *Hall v. Morehouse Parish Detention Center*, 2009 WL 3762084 (W.D. La. Nov. 9, 2009).

The plaintiff also claims that he was subjected to unconstitutional conditions of confinement, which arises under the Eighth Amendment to the United States Constitution and its prohibition against cruel and unusual punishment, including the unnecessary and wanton

infliction of pain. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991), *citing Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The prohibition against cruel and unusual punishment mandates that prisoners be afforded humane conditions of confinement and that they receive adequate food, shelter, clothing and medical care. *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001). *See also Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (recognizing that "[t]he Constitution does not mandate comfortable prisons ... but neither does it permit inhumane ones"). A constitutional violation occurs only when two requirements are met. First, there is the objective requirement that the condition "must be so serious as to 'deprive prisoners of the minimal civilized measure of life's necessities,' as when it denies the prisoner some basic human need." *Harris v. Angelina County, Texas*, 31 F.3d 331, 334 (5th Cir. 1994), *citing Wilson v. Seiter*, *supra,* 501 U.S. at 304. Second, under a subjective standard, the Court must determine that the prison officials responsible for the deprivation have been "deliberately indifferent to inmate health or safety." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994); *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995). In applying this standard, the determinative question is whether the defendant prison officials subjectively knew that the inmate plaintiff faced a substantial risk of serious harm, yet disregarded that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan, supra*, 511 at 837. Specifically, prison officials must be shown to have been personally aware of facts from which an inference could be drawn that a substantial risk of serious harm existed, and they also must be shown to have drawn the inference. *Id.* While some conditions of confinement may establish an Eighth Amendment violation "in combination," when each would not do so alone, this will occur only when those conditions have a mutually enforcing effect that produces the deprivation of a single, identifiable human need. Nothing so amorphous as "overall conditions" can rise to the level of cruel and unusual punishment when no specific deprivation of

a single human need exists.  *Wilson v. Seiter, supra*, 501 U.S. at 305.  Further, conclusory allegations are not sufficient, and a plaintiff must present facts to support what are otherwise broad and conclusory allegations of wrongdoing.  *See Rougley v. GEO Group*, 2011 WL 7796488, *3 (W.D. La. Nov. 7, 2011).

      In the instant case, there is no indication that the plaintiff has been deprived of any basic human need.  The most that he has alleged is that, while housed in solitary confinement, he has been denied certain privileges and benefits which are available to inmates housed in the general population or other areas of the prison.  These deprivations, however, alone or in combination, have not deprived the plaintiff of the "minimal civilized measure of life's necessities" or of any specific "basic human need."  Under these circumstances, therefore, the Court concludes that this claim does not rise to the level of a constitutional violation.  Accordingly, the plaintiff's claims have no arguable basis in fact or in law, and the complaint should be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A.

      Finally, to the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, including but not limited to slander and defamation, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367.  In the instant case, having recommended that the plaintiff's federal claims be dismissed, the Court further recommends that the exercise of supplemental jurisdiction be declined.

## RECOMMENDATION

It is recommended that the exercise of supplemental jurisdiction be declined and that the plaintiff's action be dismissed, with prejudice, as legally frivolous, and for failure to state a claim upon which relief may be granted[1] pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

Signed in Baton Rouge, Louisiana, on June 21, 2016.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."